UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:04CV-128-R

J.P. SILVERTON INDUSTRIES LIMITED PARTNERSHIP and
WAYNE WILLIS                                                                                              PLAINTIFFS

v.

NORBERT H. SOHM, WARD CORRELL,
COMMONWEALTH OF KENTUCKY, DEPARTMENT
OF FINANCIAL INSTITUTIONS and
DR. CHARLES KINCAID, et al.                                                                       DEFENDANTS

**MEMORANDUM OPINION**

This matter is before the Court on Motion to Alter/Amend (Dkt. # 43) of Plaintiffs J.P. Silverton Industries Limited Partnership and Wayne Willis ("Silverton").  Defendant Norbert H. Sohm responded (Dkt. # 47), as did Ward Correll (Dkt. # 45), Charles Kincaid (Dkt. # 46), and the Commonwealth of Kentucky's Department of Financial Institutions ("DFI") (Dkt. # 44).  For the reasons that follow, the Court **DENIES** Plaintiff's Motion.

**BACKGROUND**

This case arises out of the sale at a court-ordered auction of a piece of real estate known as the Spring Creek Inn, located in Clinton County, Kentucky.  Defendant Sohm was the Master Commissioner appointed by the Clinton Circuit Court to conduct the sale of the property.  The property was apparently owned by L.D.R. Inc., and was ordered sold to satisfy a judgment obtained by Defendant Ward Correll against that entity.  Plaintiff J.P. Silverton Industries Limited Partnership ("Silverton"), through one of its partners, Plaintiff Wayne Willis, entered into a contract with L.D.R., Inc. in which it agreed to redeem the foreclosure in exchange for

1

certain rights in the property. It sought to do so by offer of judgment to Correll; when the offer was declined, it sought to prevent the sale by paying the judgment directly into the Clinton Circuit Court. Silverton paid a substantial portion of the sum of the judgment into the court by check on the afternoon of the day before the scheduled sale of the property; it then submitted another check the next morning which it believed constituted the amount of the judgment. Mr. Willis, along with Ms. Stetler (a principal of L.D.R., Inc.), approached Defendant Sohm shortly before the sale was scheduled to occur, and asked him whether, in light of their payment of the judgment, he would go forward with the sale. Accounts seem to differ about what, exactly, Mr. Sohm told them in response to this question. Thereafter, Mr. Willis and Ms. Stetler left the Clinton County courthouse.

Before the sale, Judge Lovelace held a brief hearing to determine whether the amount paid satisfied the judgment; if it had, he would have cancelled the sale. The parties are in agreement that Mr. Sohm, acting as Master Commissioner, had no authority to decide whether the sale would go forward. Judge Lovelace, however, found that the amount paid to satisfy the judgment was deficient, and ordered the sale to go forward as scheduled and ordered that the money paid by Silverton be returned to it. Defendant Correll ultimately purchased the property. Before the money paid by Silverton could be returned, several creditors with judgments against L.D.R., Inc. and Ms. Stetler sought to garnish those funds. Those creditors are Defendants Charles Kincaid and the Commonwealth of Kentucky, through its Department of Financial Institutions (now known as the Office of Financial Institutions, "OFI" herein).

Thereafter, Plaintiffs Silverton and Willis filed their complaint in the case at bar. In it, they allege that: (1) the Defendants deprived them of a property right without due process in that

they were not able to participate in the sale of the property; (2) the Defendants engaged in a conspiracy to deny them of this right; (3) Mr. Sohm committed fraud when he "represented to the Defendant [*sic*] Willis that he did not intend to offer the subject property for sale;" (Amended Complaint, Dkt. # 4, at 4) (4) the Defendants violated K.R.S. 552.010 *et seq.*, which criminalizes "official misconduct;" (5) the Defendants interfered with Plaintiffs' prospective economic advantage by preventing their participation in the sale; (6) Defendants Correll, Kincaid and the OFI ("Garnishing Defendants") committed abuse of process; and (7) the OFI and Correll engaged in malicious prosecution. By order of December 28, 2005, the Court granted summary judgments to all Defendants and dismissed the case. Plaintiffs filed a motion seeking amendment of that order.

## ANALYSIS

Plaintiffs seek reconsideration of the Court's order of judgment on grounds that (i) they were not allowed to conduct discovery; (ii) there are issues of material fact in dispute; (iii) the affidavit of Ms. Stetler, attached to the motion, demonstrates that there is an issue of material fact; and (iv), the motions were improperly converted to summary judgment motions.

The Court will address the conversion issue first. By order dated March 7, 2005, Judge McKinley, to whom the case was previously assigned, provided notice pursuant to Fed. R. Civ. P 12(c) that the Court was *sua sponte* converting the pending motions to dismiss to motions for summary judgment. (Dkt. # 21). In that order, Judge McKinley also granted both sides the opportunity to present "all material made pertinent to a summary judgment motion," giving Plaintiffs ten days to do so and allowing Defendants to file a reply within ten days thereafter. Plaintiffs made a motion to reconsider this order, and this Court denied that motion by order of

September 22, 2005. (Dkt. # 34). With respect to this, Plaintiffs argue that the initial conversion was improper because the additional documents in question were court records, the use of which does not require conversion of a motion. For this proposition, Plaintiffs cite several Sixth Circuit cases, including *New England Health Care Pension v. Ernst & Young*, 336 F.3d 495 (6th Cir. 2003); *Bovee v. Coopers & Lybrand, C.P.A.*, 272 F.3d 356 (6th Cir. 2001); *Amini v. Oberlin College*, 259 F.3d 493 (6th Cir. 2001); and *Kostrzewa v. City of Troy*, 247 F.3d 633 (6th Cir. 2001). In each case, however, the court holds that a district court *may* take notice of such records without converting the motion to one for summary judgment; the courts do not say that a district court *may not* convert the motion if the additional materials in question are proper for judicial notice. The courts do counsel that "to rule on a motion for summary judgment without giving [plaintiff] the opportunity to produce evidence ... would constitute unfair surprise to the plaintiff." 247 F.3d at 644. In this case, however, Plaintiffs had ample notice of the Court's intent to treat the motions as ones for summary judgment, and ample time and opportunity to file additional material between the Court's denial of their motion to reconsider the conversion and its ruling on the summary judgment motions. Therefore, the Court declines to amend its decision on these grounds.

Even taking into consideration the additional material submitted by the Plaintiffs in support of the instant motion, however, the Court finds no grounds to reconsider its grant of summary judgment. The affidavit of Ms. Stetler, submitted by Plaintiffs, does not contradict in any material manner the prior testimony on which the Court relied. Paragraphs 10 and 11 set forth Ms. Stetler's view of the conversation between Ms. Stetler and Mr. Sohm at the heart of this controversy; Ms Stetler says:

> I then asked Mr. Sohm whether, in light of these payments, he intended to proceed with the sale of the airport property, which had been previously scheduled and advertised to begin at 9:00 a.m. Mr. Sohm examined the receipts and stated: "If this has been paid, there will be no sale."

Mr. Sohm's conditional statement, as Ms. Stetler reports it, is consistent with all of the testimony in this case: *if* the amount had been paid, the sale would not go forward. Ultimately, the judge determined that the amount paid was not sufficient, and thus the sale did go forward. Even based solely on the affidavit testimony of Ms. Stetler, none of the statements made by the defendants in the case were misleading. That the amount tendered was ultimately adjudged to be insufficient does not alter this fact.

## CONCLUSION

For the reasons outlined above, this Court concludes that Defendants are entitled to summary judgment and/or dismissal as a matter of law.

An appropriate order shall issue.